IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02114-BNB

NEAL O'NEILL,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF'S DEPT.,
CORRECTIONAL HEA[L]TH CARE COMPANY,
DOCTOR HOWARD,
COMMANDER NORTHAM,
COMMANDER MOLATCH,
DEPUTY NUNCIO,
DEPUTY SERGEANT NUSS,
DEPUTY HIGHSHOE,
R/N K. ROBERTSON, Lt.,
NURSE RANCHER,
NURSE MUZZY,
DEPUTY SERGEANT KLUG,
MRS. KING,
DEPUTY SERGEANT DENO,
DEPUTY SERGEANT HABERT,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Neal O'Neill, currently is incarcerated at the El Paso County Sheriff's Department in Colorado Springs, Colorado. Mr. O'Neill, acting *pro se*, filed a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. 12102(c) [sic], for money damages. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the Prisoner Complaint liberally because Mr. O'Neill is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. O'Neill will be ordered to file an amended Prisoner Complaint.

Mr. O'Neill may not sue the El Paso County Sheriff's Department. The El Paso County Sheriff's Department is not a separate entity from El Paso County, and, therefore, is not a person under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the sheriff's department must be considered as asserted against El Paso County.

In addition, municipalities, such as El Paso County, and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the

policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. O'Neill cannot state a claim for relief against El Paso County under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. O'Neill asserts six claims that are vague, conclusory, disorganized, repetitive, and unnecessarily verbose, as well as a separate claim attempting to show the involvement of the defendants in the acts discussed in the prior six claims. He complains about the confiscation of his knee brace and wedding ring (claim one), deliberate indifference to various serious medical needs concerning his ability to walk without a cane or knee support and the treatment for a toe nail fungus (claim two), deliberate indifference to serious medical needs for his macular degeneration and use of a walking cane (claim three), not being given medication because he refused to sign a warning for filing too many grievances and as a consequence being moved to administrative segregation (claim four), placement in administrative segregation for refusing to "withdraw my claims of retaliation and fraud," ECF No. 1 at 16 (claim five), and the denial of use of a pen to complete a citizen's complaint form (ECF 6). He fails to specify which claims are asserted pursuant to § 1983 and which are asserted pursuant to the ADA.

State prisoners are protected by the ADA. *Hurtado v. Reno*, 34 F. Supp. 2d 1261, 1264 (D. Colo. 1999) (citing *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 205 (1998). However, Mr. O'Neill fails to allege facts indicating that he is a qualified individual with a disability who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and that exclusion, denial of benefits, or discrimination was because of a disability. *See Hurtado*, 34 F. Supp. 2d at

1264; *see also* 42 U.S.C. § 12132. An individual is disabled if he has a "physical or mental impairment that substantially limits one or more major life activities," 42 U.S.C. § 12102(a)(A), or establishes that he is "being regarded as having such an impairment" if he establishes he has been subjected to a prohibited action "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(1)(C), (3)(A). Mr. O'Neill appears to complain only about the quality and extent of medical services he received. *See Breedlove v. Costner*, 405 F. App'x 338, 341 (10th Cir. 2010) (state prisoner's allegations of inadequate medical care failed to state claim for ADA violation). In addition, the requirement that a prisoner who files a civil action challenging the conditions of his confinement must first exhaust administrative remedies applies to an inmate's ADA claims. *Jones v. Smith*, 109 F. App'x 304, 307-08 (10th Cir. 2004). Mr. O'Neill fails to clarify whether he exhausted both his § 1983 and ADA claims because he fails to use all pages of the Court-approved Prisoner Complaint form, which inquires about exhaustion of administrative remedies on page seven. *See* www.cod.uscourts.gov, "Forms," and select "Prisoner Complaint Form 1983."

The Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. O'Neill fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim.  Generally, Mr. O'Neill fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. O'Neill clearly expects the Court and the named defendants to match which claims are asserted against which defendants.  Such an organization is unacceptable. It is Mr. O'Neill's responsibility to present his claims in a manageable and readable

format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. O'Neill must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  The Court does not require a long, chronological recitation of facts.  Nor should the Court or defendants be required to sift through Mr. O'Neill's vague, conclusory, disorganized, repetitive, and verbose allegations to determine the heart of each claim.

The Prisoner Complaint also is deficient because Mr. O'Neill fails to allege facts that demonstrate each of the named defendants personally participated in the asserted constitutional violations.  In order to state a claim in federal court, Mr. O'Neill "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. O'Neill should name as defendants in his amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See*

6

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. O'Neill must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Mr. O'Neill may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr.

O'Neill uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. O'Neill will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Mr. O'Neill is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if Mr. O'Neill seeks to refile in this Court because the two-year statute of limitations may have run on his § 1983 claims. The limitation period for a § 1983 action is set by the personal injury statute in the state where the cause of action accrues. *Garcia v. Wilson*, 731 F.2d 640, 650-51 (10th Cir. 1984). In Colorado, the limitations period for a personal injury action is two years. Colo. Rev. Stat. § 13-80-102. Colorado's general two-year state of limitations, Colo. Rev. Stat. § 13-80-102, also applies to actions arising under Title II of the ADA. *Hughs v. Colo. Dep't of Corrs*, 594 F. Supp. 2d 1226, 1235 (D. Colo. 2009); *see also Rhodes v. Langston Univ.*, 462 F. App'x 774, 780 n.6 (10th Cir. 2011) (because the ADA does not set forth a statute of

limitations, the state's general statute of limitations applies).

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this order** Plaintiff file an amended Prisoner Complaint that complies with the directives of this order.   It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use all pages of the form in filing the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, some claims against some defendants or the entire Prisoner Complaint and the action may be dismissed without further notice.

DATED at Denver, Colorado, this 4th day of August, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge