IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02114-GPG

NEAL O'NEILL,

      Plaintiff,

v.

CORRECTIONAL HEALTHCARE COMPANY,
RN KATHY ROBINSON, Director of Medical,
DOCTOR HOWARD,
SHERIFF DEPUTY NUNCIO,
NURSE MUZZY,
SHERIFF DEPUTY HISHOE,
DEPUTY SGT. DENO,
DEPUTY SERGEANT KLUG,
DEPUTY SGT. PATTERSON,
NURSE TRULL, and
DEPUTY SGT. HEBERT,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

      Plaintiff Neal O'Neill currently is detained at the El Dorado County Jail in Placerville, California.  Plaintiff was detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado, when he initiated this action on July 30, 2014, by filing a Prisoner Complaint pursuant to 42 U.S.C. §§ 1983 and 1985 and the Americans with Disabilities Act (ADA), 42 U.S.C. § "12102(c)," and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff is challenging the conditions of his confinement while he was detained at the Criminal Justice Center.

      On August 4, 2014, Magistrate Judge Boyd N. Boland granted the § 1915 Motion and directed Plaintiff to amend the Complaint.  Specifically, Plaintiff was directed to file an Amended Complaint that complies with Fed. R. Civ. P. 8.  Plaintiff was told that (1) his claims are conclusory, disorganized, repetitive, and vague; (2) he does not state

which claims are asserted pursuant to § 1983 and which ones are asserted pursuant to the ADA;   (3) a claim cannot be asserted against a municipality when only isolated incidents are alleged; (4) claims cannot be presented pursuant to the ADA unless a plaintiff is a qualified individual with a disability; (5) claims must be stated in a simple and concise manner and not in a long, chronological statement; and (6) he must state how each named defendant participated in the alleged constitutional deprivation. Plaintiff filed an Amended Complaint on September 16, 2014.

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.   However, a court should not act as a *pro se* litigant's advocate. *See id.*   For the reasons stated below, the Second Amended Complaint and the action will be drawn to a district judge and to a magistrate judge in part and dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff asserts seven claims in the Amended Complaint and seeks money damages.   He asserts jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 12112(a) (ADA), and 42 U.S.C. § 1985.   Plaintiff's reliance on *Bivens* is misplaced because he does not assert a claim against a federal employee.

Plaintiff titles Claim One, "Theft [sic] of Wedding Band/Retaliation."   He asserts that on September 23, 2013, after he removed his knee brace when entering the El Paso County Courthouse, deputy sheriffs took the brace; and since September 23,

Plaintiff has not seen the brace.  Plaintiff contends the knee brace was given to him by the El Dorado County Jail, and he needs the brace to walk.  Plaintiff further asserts that, when he attempted to file a grievance regarding the taking of the brace, his wedding band was taken in retaliation for requesting a grievance form to file against the deputy who took his brace.  Plaintiff also asserts that when he questioned Sergeant Nuss about his ring, Sergeant Ness stated to Plaintiff that maybe Plaintiff had sold the ring for commissary products.  Plaintiff contends his First Amendment rights, and possibly his rights under 42 U.S.C. § 1985, have been violated because he has been retaliated against and denied his right to file a claim.

Claim Two is titled, "Eigth [sic] Amendment Violation."  In this claim, Plaintiff asserts sheriff deputies took his brace, which placed him at high risk of further injury and caused him pain.  Plaintiff further asserts that within two hours of being booked he saw medical and again he was denied his brace.  Finally, Plaintiff asserts that since 2009 he has been qualified as disabled under 42 U.S.C. § 12112(a).

Claim Three is titled, "8th Amendment Violation(s)," and is asserted against Defendant Nurse Muzzy who told a deputy sheriff to take Plaintiff's cane from him only three weeks after Dr. Herr had prescribed it and five days after Plaintiff had received it.  Plaintiff states he does not know the deputy sheriff's name.

Claim Four is titled, "Deliberate Indifference," and is asserted against Defendants Dr. Howard and Kathy Robinson.  Plaintiff asserts that thirty days after Dr. Herr had ordered the use of the remainder of Plaintiff's PreserVision tablets and the oral treatment of toenail fungus all treatments were stopped.  Plaintiff further asserts he grieved these actions, then saw Defendants Dr. Howard and Kathy Robinson, who would not discuss any of Plaintiff's medical issues except for a lump on Plaintiff's head and removed him from Dr. Herr's office when he attempted to ask about the other

medical issues, including denial of his brace, cane, and other medications for his toenail fungus and macular degeneration.

Claim Five is titled, "Conspired Acts of Retaliation," and is asserted against Defendants Deputy Nuncio and Nurse Trull.  Plaintiff alleges that Defendant Sheriff Deputy Nuncio told Nurse Trull to withhold his morning medications on December 16, 2013, because Plaintiff refused to sign a warning that he had filed too many grievances with medical.  Defendant Nuncio then allegedly moved Plaintiff to administrative segregation for not signing the warning, and according to Nurse Trull falsified Plaintiff's signature on a statement that Plaintiff had refused his medications.  Plaintiff further states that his morning medications on December 16, 2013, were delayed for seven hours.

Claim Six is titled, "Cruel, Unusual Punishment," and is asserted against Deputy Nuncio.  Plaintiff alleges that Defendant Nuncio ordered him placed in administrative segregation for five days, where he was stripped of all his clothing and given only a blanket.  Plaintiff further alleges that his personal hygiene items were taken, as well as his visitation rights, and the cell was not disinfected.

Finally, Claim Seven is titled, "First Amendment Violation," and is asserted against Defendants Sergeant Klug, Sergeant Hebert, Sergeant Patterson, Deputy Hishoe, and Deputy Sergeant Deno.  Plaintiff alleges that he desired to file a complaint with the Colorado Springs Internal Affairs Division; but to do so he needed to use a ball point pen to fill out the form.  Plaintiff contends that from February 14, 2014, until March 15,2014, each of these defendants refused to provide him with a ball point pen; and in doing so they hindered his efforts to complete required administrative procedures prior to filing this Complaint.

 The following claims and defendants will be dismissed for the following reasons.

In Claim One, Plaintiff fails to state who retaliated against him by taking his wedding ring.  The only individual named in Claim One is Sergeant Ness, who is not listed as a defendant in this action.  The only claim asserted against Sergeant Ness is that he made a slanderous comment about Plaintiff  by stating Plaintiff sold his wedding ring to purchase commissary items.

A claim of slander does not state a cognizable claim under 42 U.S.C. § 1983, because damage to one's reputation is not enough to implicate due process protections. *See Paul v. Davis*, 424 U.S. 693, 701 (1976).

Furthermore, Plaintiff's theft of property claim lacks merit for the following reasons.  The United States Constitution guarantees due process when a person is deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ."  *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy.  *See Hudson*, 468 at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982).  If an administrative remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir.1991).  In order to overcome the presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate."  *Id.*; *see also Durre v.*

*Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy").

Plaintiff does not assert that the El Paso County Criminal Justice Center's grievance procedure was unresponsive or inadequate with respect to the loss of his ring. In fact, a letter Plaintiff attached to the Amended Complaint, which he received from the Commander of Detention Operations Division at the Justice Center, acknowledged that his ring was lost while in the Justice Center's care and granted him reimbursement. ECF No. 10 at 20.

Moreover, Plaintiff also has an adequate remedy available in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court.") (internal citations omitted).

Plaintiff further states in Claim One that there was an act of conspiracy to interfere with his filing a complaint. The claim is conclusory and vague and fails to comply with Fed. R. Civ. P. 8 requirements and to state how he was deprived of asserting this claim in violation of his First Amendment rights. Plaintiff has been warned that he must comply with Rule 8.

Finally, Plaintiff's vague statement that he is asserting a 42 U.S.C. § 1985 claim is not supported by facts. Plaintiff's allegations do not support a claim under § 1985(1) (preventing officer from performing duties) or § 1985(2) (obstructing justice, intimidating party, witness, or juror). Plaintiff, however, may be attempting to assert a claim under § 1985(3), which creates a cause of action against persons who conspire to deprive a person or class of persons equal protection or privileges. *See Bisbee v. Bey*, 39 F.3d

6

1096, 1102 (10th Cir. 1994).  But to state a claim under § 1985(3), a plaintiff must allege

four elements: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly,

any person or class of persons of equal protection of the laws, or of equal privileges and

immunities under the laws; (3) the conspirators committed some act in furtherance of

the conspiracy; and (4) the plaintiff was either injured in his person or property or was

deprived of having and exercising any right or privilege of a citizen of the United States.

See *Griffin v. Breckenridge*, 403 U.S. 88, 103–04 (1971).  Plaintiff fails to allege the four

elements.

Accordingly, the Court finds Plaintiff fails to state an arguable Fourteenth

Amendment due process claim regarding the theft of his wedding band in Claim One.

Plaintiff also fails to assert retaliation, a violation of § 1985, or interference with filing a

complaint regarding Claim One by any named defendant.  Claim One, therefore, will be

dismissed as legally frivolous.

For the same reasons stated in Claim One, Plaintiff fails to assert a loss of

property claim in Claim Two regarding his knee brace being taken by unnamed sheriff

deputies.  Plaintiff's reference to the ADA claim in Claim Two more properly is

addressed in Claims Three and Four.  The property claim in Claim Two will be

dismissed as legally frivolous.

In Claim Five, Plaintiff asserts that Defendant Nurse Trull was directed by

Defendant Sheriff Deputy Nuncio to withhold his medication on December 16, 2013.

The Eighth Amendment prohibits prison officials from being deliberately indifferent to

the serious medical needs of prisoners in their custody.  *See Estelle v. Gamble*, 429

U.S. 97, 104-06 (1976).  Deliberate indifference means that "a prison official may be

held liable . . . only if he knows that inmates face a substantial risk of serious harm and

disregards that risk by failing to take reasonable measures to abate it."  *Farmer v.*

*Brennan*, 511 U.S. 825, 847 (1994).  Mere negligence does not violate the Eighth

Amendment.  *See Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Even if a defendant's actions amounted to gross negligence, the constitutional

claim still must be dismissed, because deliberate indifference requires a higher degree

of fault than gross negligence.  *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495

(10th Cir. 1990).  Furthermore, *de minimis* infringements of constitutional rights are not

actionable under 42 U.S.C. § 1983.  *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979).

Plaintiff's factual allegations will not support a claim of deliberate indifference

against Defendant Trull.  Plaintiff states that within seven hours he was given his

medication.  He does not assert that he suffered any ill effects from not being given his

medication on the one occasion.  There is no indication that Defendant Trull acted with

deliberate indifference.  Possibly Defendant Trull was grossly negligent in not insisting

Plaintiff be given his medications or reporting Defendant Nuncio's actions, but even is

Defendant Trull was grossly negligent the claim still must be dismissed.  *See Berry*, 900

F.2d at 1495.  Claim Five, as asserted against Defendant Trull will be dismissed as

legally frivolous.

Finally, Claim Seven fails to set forth a constitutional violation.  Plaintiff claims he

was denied a ball point pen, from February 14, 2014, through March 15, 2014, to

complete a complaint (Citizens Complaint) he wanted to send to the Internal Affairs

Division.  Plaintiff contends that a ball point pen was required to complete the form,

because of carbon copies, and Defendants Klug, Hebert, Patterson, Hishoe, and Deno

would not provide the pen.

Upon review of the original and the amended Complaints, the Court found as

follows.  Plaintiff attached five Complaint Receipt forms to the original Complaint.  *See*

ECF No. 1 at 25-29.  Three of the complaints are signed and dated on March 6, 2014, and address his lack of adequate medical treatment and theft of property without proper compensation.  Also, at least three of the complaints were dated as received by jail staff.  *Id.* at 27-29.  On Page Eighteen of the Amended Complaint, Plaintiff states that he has exhausted his administrative remedies by attempting to resolve each issue before filing this action, ECF No. 10 at 18; and in the original Complaint, ECF No. 1 at 17-18, Plaintiff states that the complaint he intended to file with the Internal Affairs Division is a Citizens Complaint, was his attempt to "police the police."  Furthermore, Plaintiff concedes there is a Kiosk machine that detainees use to process a grievance of adverse conditions, but he contends the paper grievances generated get lost, deleted, or ignored.  *Id.* at 18.

The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus.  *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995).  An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim.  *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered.  First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities.  *Casey*, 518 U.S. at 351.  Another example of hindering an inmate's efforts would be when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint.  *Id.* Neither of the examples set forth in *Casey* are at issue in this case.

9

The Court finds no constitutional right for Plaintiff to file a complaint with the Internal Affairs Division that is separate from the grievance procedure provided at the Justice Center. Furthermore, Plaintiff does not claim that Defendants Klug, Hebert, Patterson, Hishoe, or Deno were responsible for deleting, losing, or ignoring any grievances he filed. Claim Seven, therefore, will be dismissed as legally frivolous.

The remaining claims as set forth below will be drawn to a presiding judge and to a magistrate judge:

> Claim Three-Defendant Nurse Muzzy violated the ADA (construed as filed pursuant to 42 U.S.C. §§ 12102-12213 and against Correctional Health Care Company) and his Eighth/Fourteenth Amendment rights when she took Plaintiff's cane. (If Plaintiff was a pretrial detainee at the time the alleged violations took place, his Eighth Amendment claims properly are asserted pursuant to the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Nonetheless, the Eighth Amendment provides the analytical framework for addressing Plaintiff's claims. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998));

> Claim Four-Defendant Kathy Robinson violated the ADA (construed as properly filed pursuant to 42 U.S.C. §§ 12102-12213 and asserted against Correctional Health Care Company) and Defendants Kathy Robinson and Dr. Howard violated Plaintiff's Eighth/Fourteenth Amendment rights when Defendants Dr. Howard and Kathy Robinson failed to acknowledge and address the denial of his brace, cane, and medications for his macular degeneration and toenail fungus; and

> Claims Five and Six-Defendant Nuncio violated Plaintiff's Eighth/Fourteenth Amendment rights when he denied Plaintiff his medications, falsified Plaintiff's signature stating he refused medications, and placed him in administrative segregation for refusing to sign a warning notice that he was filing too many grievances regarding his medical needs.

Accordingly, it is

ORDERED that the Complaint and Claim Three as asserted against Defendant Nurse Muzzy, Claim Four as asserted against Defendants Correctional Health Care Company, Dr. Howard, and Kathy Robinson, and Claims Five and Six as asserted against Defendant Sheriff Deputy Nuncio shall be drawn to a presiding judge and when

appropriate to a magistrate judge pursuant to D.C.COLO.LCivR 40.1(a).  It is

      FURTHER ORDERED that Claims One, Two, Five as it pertains to Defendant

Nurse Trull, and Seven are dismissed with prejudice as legally frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B)(i).  It is

      FURTHER ORDERED that Defendants Sheriff Deputy Hishoe, Deputy Sergeant

Deno, Deputy Sergeant Klug, Deputy Sergeant Patterson, Nurse Trull, and Deputy

Sergeant Hebert are terminated from the action.

      DATED at Denver, Colorado, this __16th__ day of__January_____, 2015

               BY THE COURT:

               __s/Lewis T. Babcock_____
               LEWIS T. BABCOCK, Senior Judge
               United States District Court